UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Christopher L. Mobley,

       Plaintiff,

vs.                                                                REPORT AND RECOMMENDATION

Carlton County,

       Defendants.                                         Civ. No. 06-2139 (DWF/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

      This matter came before the undersigned United States Chief Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Application of the Plaintiff Christopher L. Mobley for leave to proceed in forma pauperis, ("IFP"). See, Docket No. 2.

      The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendant.

      For the reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

I. <u>Factual and Procedural Background</u>

The Complaint in this case is a three-page, handwritten document, that fails to mention any specific historical events. Instead, the Complaint consists solely of a collection of unexplained references to the Federal Constitution. The substantive allegations of the Complaint, repeated verbatim, and in their entirety, are as follows:

<u>Claim</u>

> The reasons for filing this suit is [sic], violation(s) of my Sixth Amendment Rights of the U.S. Constitution; Eighth Amendment Rights of the U.S. Constitution; and Violation(s) of my Thirteenth Amendment Rights (sec. # 1) of the U.S. Constitution.

<u>Statement</u>

> I Christopher L. Mobley (Plaintiff) was denided [sic] do [sic] process; Treated with cruel and unusual Punishment, Inflicted with and [sic] involuntary servitude.

<u>Complaint</u>, at 2.

Based upon these scant and inscrutable averments, the Plaintiff is seeking a Judgment against the Defendant Carlton County in the amount of $400,000.00.

II. <u>Discussion</u>

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim upon which relief may be granted. <u>Title 28</u>

U.S.C. §1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).  Here, we find that, even with the benefit of the most indulgent of constructions, the Plaintiff's pleading is deficient because it fails to state a legally cognizable cause of action.

To state an actionable claim for relief, a Complaint must allege a set of historical facts which, if proven true, would entitle a plaintiff to some legal redress against the named defendants, based on some settled legal principle or doctrine.  While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:  the complaint must allege facts, which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

Here, the Plaintiff's Complaint does not describe any historical facts, and it does not identify any legal basis for the Plaintiff's claims against the Defendant, as Carlton County is not even mentioned in any of the substantive allegations of the Complaint.  Needless to say, the Complaint does not describe any specific acts or omissions by the Defendant which, if proven true at Trial, would entitle the Plaintiff to a Judgment against the Defendant.  Thus, the Plaintiff's Complaint clearly fails to state

any legally cognizable cause of action. Therefore, we find that the Plaintiff's Complaint fails to state a claim on which relief can be granted. Since the Plaintiff has not pled an actionable claim, his IFP application must be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

1.   That the Plaintiff's Application to Proceed In Forma Pauperis [Docket No. 2] be denied, as moot.

2.   That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii) and (iii).

Dated:  May 30, 2006            s/Raymond L. Erickson
                                Raymond L. Erickson
                                CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 16, 2006**, a writing which specifically identifies those portions of the Report to which

objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 16, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.